IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA ARMENDO, et al.,  )  )  Plaintiffs,  )  )  vs.  )  )  SMITHKLINE BEECHAM  )  CORPORATION D/B/A  )  GLAXOSMITHKLINE, et al.,  )  )  Defendants.  ) | Civil Action No.: 04-12494-DPW  MEMORANDUM IN SUPPORT OF SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE'S MOTION TO STAY |

Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") respectfully submits this Memorandum of law in support of its Motion to stay all proceedings in light of the probability that this case will be transferred to the United States District Court for the Central District of California for coordination or consolidation of pretrial proceedings in *In re Paxil Products Liability Litigation* (MDL Docket No. 1574).

## INTRODUCTION

On or about November 23, 2004, Plaintiffs filed their Complaint and Jury Demand ("Plaintiffs' Complaint") with this Court. Plaintiffs allege that they each suffered injuries as a result of their discontinuation of the prescription medication Paxil® ("Paxil"). Subsequently, on or about December 6, 2004, GSK's counsel filed with the Judicial Panel on Multidistrict Litigation ("JPML") a Notice of Potential Tag-A-Long Cases ("MDL Notice") to Plaintiffs' initial Motion to Transfer, Coordination and/or Consolidation of Actions ("MDL Motion"), filed on September 25, 2003. (A copy of

GSK' Notice of Potential Tag-Along Cases is attached as Exhibit A). This case was listed on Plaintiffs' March 22, 2004 MDL Notice as a potential tag-along case.

Prior to Plaintiff's Complaint and GSK's MDL Notice, on December 19, 2003, the JPML, pursuant to 28 U.S.C § 1407, issued an order ("Order") establishing an MDL in the Central District of California to coordinate or consolidate the federal Paxil lawsuits. (A true and accurate copy of the Order is attached hereto as Exhibit B). The JPML ordered that in addition to the twelve cases initially cited in Plaintiffs' MDL Motion, "any other related actions will be treated as potential tag-along actions" transferable to the MDL proceedings pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. Therefore, GSK believes that the JPML will transfer this case to the MDL proceeding. Accordingly, to conserve judicial resources and prevent inconsistent pretrial orders, GSK requests that this Court stay all action in this case pending MDL transfer. This request will not result in any prejudice to Plaintiffs.

## ARGUMENT

All proceedings in this case should be stayed pending transfer to the MDL proceeding. Title 28, Section 1407(a) provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated and consolidated pretrial proceedings." The primary purpose of consolidating such cases is to conserve judicial resources, avoid duplicate discovery, prevent inconsistent pretrial rulings, and avoid conflicting scheduling requirements. *See, e.g., In re Western States Wholesale Natural Gas Antitrust Litig.*, 290 F.Supp. 2d 1376, 1378 (J.P.M.L. 2003); *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F.Supp. 2d 1383, 1384 (J.P.M.L. 2001) (holding that

2

"[c]entralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings . . .; and conserve the resources of the parties, their counsel, and the judiciary"); *In re Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, No. 1332, 2000 U.S.Dist. LEXIS 5559, at *5-6 (J.P.M.L., Apr. 25, 2000) (same where cases "arise from a common factual core") (attached hereto as Exhibit C); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F.Supp. 763, 764 (J.P.M.L. 1975). Therefore, where an MDL transfer will "be for the convenience of parties and witnesses" and will "promote the just and efficient conduct of such actions," the JPML "shall" make such transfer. 28 U.S.C. § 1407(a).

Due to the anticipated transfer of this matter to the MDL proceeding, a stay of all proceedings is warranted in this case. The JPML has consolidated the Paxil Litigation to allow the MDL Court to coordinate pretrial proceedings. Permitting pretrial proceedings to proceed in this case despite its impending transfer to the MDL Court would invite the very problems MDL proceedings were designed to avoid; duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial resources. A stay of pretrial proceedings, by contrast, would facilitate the uniform and efficient resolution of pretrial issues common to all federal Paxil cases. As a result, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp. 2d 804, 809 (N.D. Cal. 1989). Moreover, the transferee MDL court should be permitted to coordinate all Paxil pretrial matters, including discovery and the scheduling and handling of pretrial pleadings and motions, in order to fulfill and maximize the benefits of MDL.

## CONCLUSION

For all of the foregoing reasons, GSK respectfully requests that the Court stay all proceedings pending transfer to the MDL court.

                      Respectfully submitted,

                      SMITHKLINE BEECHAM
                      CORPORATION d/b/a
                      GLAXOSMITHKLINE

                      By its attorneys,

                      */s/ Elizabeth M. Mitchell*
                      Ralph T. Lepore, III (BBO# 294420)
                      Deborah E. Barnard (BBO# 550654)
                      Elizabeth M. Mitchell (BBO# 638146)
                      HOLLAND & KNIGHT
                      10 St. James Avenue
                      Boston, Massachusetts 02116
                      Telephone: (617) 523-2700
                      Facsimile: (617) 523-6850

Dated: December 21, 2004.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 21st day of December 2004 to:

Tom G. Shapiro
Theodore M. Hess-Mahan
Todd S. Heyman
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

Kevin Yourman
Jennifer R. Liakos
Angela S. Rupert
Yourman, Alexander & Parekh
3601 Aviation Blvd. Suite 3000
Manhattan Beach, CA 90266

Christopher L. Coffin
Patrick W. Pendley
Pendley Law Firm
P.O. Drawer 71
Palquemine, LA 70765
Tel: (225) 687-6396
Fax: (225) 687-6398

Karen Menzies
Baum, Hedlund, Aristei, Guilford & Schiavo
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3222
Fax: (310) 820-7444

Donald J. Farber
Law Office of Donald J. Farber
7 Mt. Lassen Dr., Suite D-122
San Rafael, CA 94903
Tel: (415) 472-7181
Fax: (415) 472-7182

ATTORNEYS FOR PLAINTIFFS

_____
Elizabeth M. Mitchell
Attorney for SmithKline Beecham
Corporation d/b/a GlaxoSmithKline

# KING & SPALDING LLP

1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706
Phone: 202/737-0500
Fax: 202/626-3737
www.kslaw.com

RECEIVED
CLERK'S OFFICE

2004 DEC -8 P 3: 13

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Lindsey E. Murphy
Project Assistant
Direct Dial: 202/661-7806

Lmurphy@kslaw.com

December 8, 2004

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002

Re: **NOTICE OF POTENTIAL TAG-ALONG ACTION**

Dear Sir:

I enclose for filing on behalf of SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), and GlaxoSmithKline plc's, Notice of Potential Tag-Along Action. I also enclose for the Panel's convenience a courtesy copy of the complaint.

If you have any questions, please do not hesitate to contact me.

Respectfully yours,

Lindsey E. Murphy
Project Assistant

LEM

Enclosure

ATLANTA • HOUSTON • LONDON • NEW YORK • WASHINGTON, D.C.



BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|   |   |
|---|---|
| In re PAXIL Products Liability Litigation | MDL Docket No. 1574 |

### NOTICE OF POTENTIAL TAG-ALONG ACTION

NOW COME SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), and GlaxoSmithKline plc, and respectfully provide the Panel notice pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation of the following potential tag-along action:

> *Patricia Armendo, et al. v. SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, and GlaxoSmithKline, PLC,* No. 04-12494 DPW (D. Mass.), assigned to Judge Woodlock.

Dated: December 6, 2004

Respectfully submitted,

*Chilton D. Varner*
CHILTON VARNER
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763
Telephone: (404) 572-4600
Facsimile: (404) 572-5143

Attorney for Respondents
SMITHKLINE BEECHAM
CORPORATION
d/b/a GLAXOSMITHKLINE and
GLAXOSMITHKLINE plc

2

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| In re PAXIL Products Liability Litigation | MDL Docket No. 1574 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing, **NOTICE OF POTENTIAL TAG-ALONG ACTION,** upon all counsel of record by depositing a copy of same in the U.S. mail, sent first-class, postage prepaid, upon the persons listed in the attached Service List and as set forth below, and by hand-delivery to the Clerk of the Judicial Panel on Multidistrict Litigation.

G. Mark Albright
Albright Stoddard, Warnick & Albright, P.C.
801 South Rancho Drive
Quail Park I, Building D-4
Las Vegas, NV 89106

Jonathan B. Booning
Warren & Boonin, LLP
1645 Canyon Boulevard
Boulder, CO 80302

Donald J. Farber
Law Office of Donald J. Farber
175 N. Redwood Drive
San Rafael, CA 94903

Robert James Tully
Tully Webster & Francomano
145 E Cross Street
Suite 2
Baltimore, MD 21230

John Tully
Tully & Wezelman
4562 N. First Avenue
Suite 100
Tucson, AZ 85718

Mark D. Svejda
Law Offices of Mark D. Svejda
8170 N. 86th Place
Suite 201
Scottsdale, AZ 85258

Rex A. Sharp
Gunderson, Sharp & Walke, P.C.
4121 West 83rd Street
Suite 256
Prairie Village, KS 66208

Arthur W. Schmidt
Mahaffey & Gore
211 N. Robinson Ave.
Suite 1100
Oklahoma City, OK 73102

Gregg Paster
Oritz & Paster
440 60th Street
Suite 106
West New York, NJ 07093

Steven J. Norman
Paul R. Gary & Associates, P.C.
1900 Fox Tower
805 S.W. Broadway
Portland, OR 97205

Scott Lieberman
Delorezo, Pasquariello Law Firm
201 Nott Terrace
Schenectady, NY 12307

David C. Krahulik
Yosha Krahulik & Levy
3500 West Depauw Boulevard
Indianapolis, IN 46268

Richard Kopelman
Orlando & Kopelman, P.C.
The Wachovia Bank Building
315 West Ponce deLeon Avenue
Suite 400
Decatur, GA 30030

Karen K. Koehler
LePley & Koehler
4122 Factoria Blvd. S.E.
Suite 400
Bellevue, WA 98006

Jubal L. Hamil
Deakle, Sholtis & Hamil, LLC
P.O. Box 1031
Mobile, AL 36633

Joseph R. Gunderson
Gunderson, Sharp & Walke, P.C.
317 Sixth Avenue
Suite 600
Des Moines, IA 50309

Reza Keramati
Western Legal Group
110 West C Street
Suite 1300
San Diego, CA 92101

Bonnie L. Gallivan
Ice, Miller, Donadio & Ryan
One American Square
Box 82001
Indianapolis, IN 46282

Paul B. Zuydhoek
Phillips, Lytle Law Firm
3400 HSBC Center
Buffalo, NY 14203

Kevin Yourman
Yourman Alexander & Parekh
3601 Aviation Blvd.
Suite 3000
Manhattan Beach, California 90266

Mark T. Coutler
Peirce, Raimond and Coutler
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

L.H. Steven Savola
Ferraro & Associates, P.A.
4000 Ponce de Leon Boulevard
Suite 700
Miami, FL 33146

Kevin O'Connor
Law Office of Kevin O'Connor
100 North Biscayne Blvd. #1101
Miami, FL 33132

This 8th day of December 2004

_____
Christopher B. Peak
KING & SPALDING LLP
1700 Pennsylvania Avenue
Washington, DC 20006

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**                                         Page 1

Docket: 1574 - In re Paxil Products Liability Litigation
Status: Pending on / /
Transferee District:          Judge:                                                                 Printed on 10/06/2003

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Barth, Karen A.<br>Baum, Hedlund, Aristei, Guilford & Schiavo<br>12100 Wilshire Boulevard<br>Suite 950<br>Los Angeles, CA 90025-7106 | ⇒ Hamilton, Lesli*; Keith, Katherine* |
| Coffin, Christopher L.<br>Pendley Law Firm<br>PO Drawer 71<br>24110 Eden Street/70764<br>Plaquemine, LA 70765 | ⇒ Alexander, Jr., Jack*; Alleman, Brenda*; Allen, Jessie Mae*; Anderson, Kelly F.*; Andes, Adam*; Armstrong, Shirley*; Ashley, Jason Scott*; Axley-Teague, Venita*; Baptiste, Virginia*; Battiste, Lucretia*; Bell, Carol*; Beller, Malcom W.*; Benson, Edward Greg*; Bonnette, Sheila*; Bonnette, Stacey M.*; Boone, Connie*; Bowman, Ted*; Bowman, Ted*; Brown, Anthony L.*; Brown, Kenneth A.*; Brown, Tonya*; Budd, Melissa*; Byrd, Veronica D.*; Carlos, Kenny*; Carr, Erica*; Carroll, Felicia*; Chapochnikov, Iouri*; Chilcutt, Larry Joe*; Chittenden, Brian K.*; Chrisman, Jason Palmer*; Clark, Tina E.*; Cooper, Cynthia*; Crowell, Clayton T.*; Curia, Myrinda Craft*; Curia, Sherry K.*; Daigle, Junior*; Dalton, Joann Maria*; Dameron, Daria Gayle*; Davis, Robert L.*; Dickson, Erika Y.*; Dotson, Brenda*; Dowdy, Michael*; Driscoll, Barbara*; Driver, Tawonia Lee*; Edwards, Audrea*; Edwards, Vanessa*; Estess, Cedric*; Falgoust, Gale M.*; Fewroth, Carolyn A.*; Fischer, Deborah*; Ford, Donna*; Fowler, Stacy*; Foxx, Antwan L.*; Foxx, Pamela*; Frederick, Joe*; Freeman, Steven Todd*; Furches, Darlene Gail*; Fusilier, Rhonda Ann*; Garver, Tisha*; Gollin, Linda*; Goodell, Erin*; Gremillion, Kenneth*; Guidry, Mary*; Guillot, Roy*; Gunnels, Courtney*; Guy, Susan*; Hackett, Patricia Ann*; Hanscom, Stephen*; Harford, Harold*; Harrold, Terry*; Hebert, Andrew*; Hein, Lisa C.*; Hill, Diane G.*; Hodge, Lisa*; Holcombe, Christen*; Hooker, Chris*; Humphries, Nicholas*; Jackson, Joy Johnson*; James, Victoria*; Jewell, Stephanie Roxanne*; Kador, Ronald*; Keeling, Donna*; Keller, Gloria K.*; Kennedy, Alana*; Klein, Dabney Price*; Kling, Steven*; Landfair, Joyce Marie*; Leach, Judy*; Locompte, Charmaine*; Logar, Deborah H.*; LeJeune, Deborah*; Lewis, John Christopher*; Martin, et al., Carol*; Matthews, Jarvis*; McCall, Donna*; McGraw, Brian D.*; McKellips, Kristen M.*; McLawchlin, Jr., J.D.*; McNeil, Darrel*; Mecha, Sherry M.*; Miller, Alisa Jean*; Miller, Teena S.*; Mitchell, Frank*; O'Dell, Diana M.*; Osborne, William T.*; Parker, Brooks*; Perkins, Joyce Lockett*; Phenix, Lee A.*; Poucher, Jeff M.*; Price, Victor*; Propes, Crystal M.*; Reese, Faun*; Reese, Faun S.*; Riley, Beatrice*; Risinger, Ginger*; Robinson, Rob*; Russell, Diane*; Russell, Emma Lee*; Russell, Mary*; Saltzman, Joann*; Salvadras, John Kevin*; Sanchez, Samatha*; Schalibly, Lydia Davis*; Schwah, Stacey*; Scott, Hattie D.*; Silcox, Vivian*; Simmons, Johnnie L.*; Simms, Margaret J.*; Singletary, Anne*; Smith, Fulton K.*; Smith, Leanne R.*; Smithson, Donna*; Spear, Kathryn*; Stein, Jerry*; Stepp, Amy Bramfield*; Stewart, Ethel J.*; Stowers, Jr., Earnest*; Swanson, III, Michelle R.*; Talbot, Denise Davion*; Taylor, James E.*; Thomas, Marilyn*; Townsend, Calvin*; Trusdell, Laura Anne*; Turner, Pamela S.*; Waldrop, Mike R.*; Walker, Ronald*; Walters, Cynthia*; Washington, Mary Louise*; Westmoreland, Jonathan*; Williams, Brandy*; Williams, John Denny*; Williams, Martha*; Williams, Vera Lee*; Winter, Benny*; Wolfe, Melissa A.*; Woolfolk, Tonya*; Wright, Peggy*; Yurewitch, Carl J.* |
| Fleming, David J.<br>Drinker Biddle & Reath<br>Wells Fargo Center<br>333 South Grand Avenue<br>North Tower, Suite 1700<br>Los Angeles, CA 90071 | ⇒ Glaxo Wellcome PLC; Glaxo Wellcome, Inc. |
| Keramati, Reza<br>Western Legal Group<br>550 West C Street<br>Suite 1600<br>San Diego, CA 92101 | ⇒ Roscoe, James |
| McGrath, Joseph James<br>c/o MCGP | ⇒ King, David K.; McGrath, Joseph James; Patterson, Jr., Ronald Kelly |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,574 Continued)*  Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| ~~P.O. Box 399~~ 11041 Fairlawn Dr. ← Correct Address as of 12/2/2003<br>~~1010 Fluor~~ Parma, Ohio 44130<br>~~Mount Olive, OH 43330~~ | |
| Varner, Chilton D.<br>King & Spalding<br>191 Peachtree Street, N.E.<br>Suite 4300<br>Atlanta, GA 30303-1763 | ⇨ GlaxoSmithKline (as is on docket sheet); GlaxoSmithKline Corp.; GlaxoSmithKline, Inc.; GlaxoSmithKline, PLC*; SmithKline Beecham Corp.*; SmithKline Beecham Corp. dba GlaxoSmithKline*; SmithKline Beecham dba GlaxoSmithKline* |
| Yourman, Kevin J.<br>Weiss & Yourman<br>10940 Wilshire Boulevard, 24th Floor<br>Los Angeles, CA 90024 | ⇨ Chavarie, Janelle*; Greenberg, Clayton*; Jackson, Sandra*; Leonard, Preston* |

Note: Please refer to the report title page for complete report scope and key.



*A CERTIFIED TRUE COPY*

DEC 19 2003

FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK, U.S. DISTRICT COURT
DEC 26 2003
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DEC 31 2003
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
DEC 19 2003
FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1574**        03cv2138

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE PAXIL PRODUCTS LIABILITY LITIGATION* CV 03-9470-MRP(CWx)

**BEFORE WM. TERRELL HODGES,\* CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,\* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL**

James Roscoe -v- GlaxoSmithKline, Corp

### TRANSFER ORDER

This litigation presently consists of twelve actions: two actions in the Middle District of Louisiana and one action each in the Central District of California, the Southern District of California, the Southern District of Illinois, the District of Maryland, the District of Massachusetts, the Northern District of Mississippi, the Northern District of Ohio, the Middle District of Tennessee, the Northern District of Texas and the Eastern District of Wisconsin.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Massachusetts plaintiffs to centralize the actions in this litigation in the Central District of California or the Southern District of Illinois for coordinated or consolidated pretrial proceedings. The Southern California plaintiff joins in the motion. Pharmaceutical defendants – SmithKline Beecham Corp., d/b/a/ GlaxoSmithKline and GlaxoSmithKline PLC (collectively referred to as GSK) — oppose Section 1407 centralization. If the Panel deems centralization appropriate, GSK suggests either the Middle District of Louisiana or the Middle District of Tennessee as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on alleged side effects of Paxil, a widely-prescribed anti-depressant drug, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\* Judges Hodges and Selya did not participate in the decision of this matter.

[1] The Panel has been notified that four potentially related actions have been filed as follows: one action each in the Central District of California, the Southern District of Indiana, the Northern District of New York and the Western District of Washington. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

33

- 2 -

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Central District of California before Judge Mariana R. Pfaelzer, we are assigning this litigation to a seasoned jurist in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the Central District of California are transferred to that district and, with the consent of that court, assigned to the Honorable Mariana R. Pfaelzer for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

*John F. Keenan*
John F. Keenan
Acting Chairman

I hereby attest and certify on 12/26/03 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By Rhonda Marshall, Deputy

0016

SCHEDULE A

MDL-1574 -- In re Paxil Products Liability Litigation

### Central District of California

*In re Paxil Litigation*, C.A. No. 2:01-7937

### Southern District of California    CV 03-9470-MRP(CCWx)

*James Roscoe v. GlaxoSmithKline*, C.A. No. 3:02-2138

### Southern District of Illinois

*Carol Martin, et al. v. SmithKline Beecham Corp.*, C.A. No. 3:03-563

### Middle District of Louisiana

*Ted Bowman, et al. v. SmithKline Beecham Corp.*, C.A. No. 3:02-909
*Victoria James, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 3:03-499

### District of Maryland

*Frank Mitchell, et al. v. SmithKline Beecham Corp.*, C.A. No. 1:02-4156

### District of Massachusetts

*Preston Leonard, et al. v. GlaxoSmithKline Corp.*, C.A. No. 1:03-10245

### Northern District of Mississippi

*Hattie D. Scott, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 4:03-233

### Northern District of Ohio

*Joseph James McGrath, et al. v. GlaxoSmithKline, Inc., et al.*, C.A. No. 1:02-765

### Middle District of Tennessee

*Calvin Townsend, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 3:03-444

### Northern District of Texas

*Clayton Greenberg, et al. v. GlaxoSmithKline Corp.*, C.A. No. 3:02-2147

### Eastern District of Wisconsin

*Christen Holcombe, et al. v. SmithKline Beecham*, C.A. No. 2:02-1158

LEXSEE 2000 US DIST LEXIS 5559

IN RE MICROSOFT CORP. WINDOWS OPERATING SYSTEMS ANTITRUST LITIGATION

DOCKET NO. 1332

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*2000 U.S. Dist. LEXIS 5559; 2000-1 Trade Cas. (CCH) P72,897*

**April 25, 2000, Filed**

**DISPOSITION:** [*1] Actions transferred.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In multidistrict litigation against defendant software company and other computer companies, defendant software company moved pursuant to 28 U.S.C.S. § 1407 for coordinated or consolidated pretrial proceedings. Plaintiffs cross-moved pursuant to 28 U.S.C.S. § 1407 for coordinated or consolidated pretrial proceedings.

**OVERVIEW:** Before the judicial panel were four motions or cross-motions for coordinated and consolidated pretrial proceedings that were brought pursuant to 28 U.S.C.S. § 1407 and encompassed 27 actions pending in 17 districts. All actions were brought on behalf of customers of defendant computer company by plaintiffs who alleged that defendant software company violated federal or state antitrust laws. Objections to transfer, generally, were raised with respect to transfer of particular actions including plaintiffs in certain actions or potential tag-along actions who contended that actions removed by defendant software company from state to federal court should have been excluded from transfer because there was no federal jurisdiction and the actions should have been remanded to state court. The panel ruled that all the actions would be transferred to the District of Maryland to be heard before the named federal judge.

**OUTCOME:** The judicial panel on multidistrict litigation ordered that all the actions be transferred to the District of Maryland and to the named judge who had considerable experience as a transferee judge for multidistrict litigation.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**JUDGES:** BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE * AND JOHN F. KEENAN, JUDGES OF THE PANEL.

   * Judge Bechtle took no part in the decision of this matter.

**OPINIONBY:** John F. Nangle

**OPINION:**

   *TRANSFER ORDER*

   Before the Panel are four motions or cross-motions for coordinated or consolidated pretrial proceedings that are brought pursuant to 28 U.S.C. § 1407 and currently encompass some or all of the 27 actions listed on the attached Schedule A and pending in seventeen districts as follows: four actions in the District of District of Columbia; three actions in the Southern District of Florida; two actions each in the Eastern District of Michigan, the District of Minnesota, the Southern District of New York, the Southern District of Ohio and the Eastern District of Wisconsin; and one action each in the Northern District of Alabama, the District of Arizona, the Southern District of California, the Southern District of Illinois, the District of Kansas, the Eastern District of Louisiana, the District of South Carolina, the Eastern District of Tennessee, the [*2] District of

Case 1:04-cv-12494-DPW   Document 5-4   Filed 12/21/2004   Page 2 of 4

Page 2
2000 U.S. Dist. LEXIS 5559, *; 2000-1 Trade Cas. (CCH) P72,897

Vermont, and the Southern District of West Virginia. n1 The Section 1407 moving parties are arrayed as follows: 1) sole common defendant Microsoft Corporation (Microsoft), whose motion seeks centralization of all 27 actions in the Western District of Washington or, alternatively, the Northern District of Illinois; 2) plaintiff eLeaders, Inc., in one of the District of District of Columbia actions, whose motion seeks centralization in the District of Columbia district of its action and the Alabama and Louisiana actions; 3) plaintiffs Linda Kloth, et al., in the two Southern District of Ohio actions, whose motion seeks centralization in the Ohio district of only one of the Ohio actions, the Alabama action, and the District of Columbia eLeaders action; and 4) plaintiffs Precision Billing Service, Inc., et al., in the Southern District of Illinois action, whose motion seeks centralization in the Illinois district of their action and the Alabama action. n2 All actions are brought, in whole or in part, on behalf of customers of Microsoft by plaintiffs who allege that Microsoft violated federal or state antitrust laws. Objections to transfer, generally, are raised [*3] with respect to transfer of particular actions: 1) plaintiffs in certain actions or potential tag-along actions who contend that actions removed by Microsoft from state to federal court should be excluded from transfer because there is no federal jurisdiction and the actions should be remanded to state court; 2) plaintiffs in certain actions who contend that actions brought on behalf of indirect purchasers should not be centralized or should be centralized separately from actions brought on behalf of direct purchasers; and 3) the non-Microsoft parties (plaintiffs Gravity, Inc., et al., and defendants Compaq Computer Corp., Dell Computer Corp., and Packard Bell NEC) in one District of District of Columbia action (*Gravity*) that is the only action naming defendants in addition to Microsoft, who object to inclusion of *Gravity* in 1407 proceedings. Finally, plaintiffs in the Eastern District of Louisiana action have suggested that the Louisiana district should be selected as the transferee forum.

n1 Seven additional actions that were subject to at least one of the Section 1407 motions have been dismissed or remanded to state court: *Shelby Hartman, et al. v. Microsoft Corp.*, S.D. Florida, C.A. No. 1:99-3401; *Paul Rothstein v. Microsoft Corp.* N.D. Illinois, C.A. No. 1:99-8346; *Harvey Melnick, et al. v. Microsoft Corp.*, D. Maine, C.A. No. 2:99-377; *Burke Cueny v. Microsoft Corp.*, E.D. Michigan, C.A. No. 2:99-76057; *James Edwards v. Microsoft Corp.* D. New Mexico, C.A. No. 6:99-1476; *Daniel Sherwood, et al. v. Microsoft Corp.*, M.D. Tennessee, C.A. No. 3:99-1191; and *Charles T. Clark, Jr. v. Microsoft Corp.*, W.D. Tennessee, C.A. No. 1:99-1334. Accordingly, the question of Section 1407 transfer with respect to these actions is moot at this time. Also, various parties have notified the Panel of the pendency of more than twenty additional, potentially related actions pending in federal district courts. These actions, any other newly filed actions that come to the Panel's attention, and, for that matter, any of the dismissed actions subject to the original Section 1407 motion that may be reopened, will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998). [*4]

n2 Much of the differences among the number of actions subject to the various motions seems to be in large part attributable to the various movants' awareness or lack of awareness of the pendency of related actions.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland before Chief Judge J. Frederick Motz will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the same nucleus of operative facts pertaining to Microsoft's alleged antitcompetitive conduct in a purported market for personal computer operating systems. Accordingly, each action raises similar questions of market definition, the existence of monopoly power, the fact and significance of Microsoft's alleged anti-competitive conduct, and the existence and scope of any antitrust injury suffered by plaintiffs. Relevant discovery, including expert testimony, will overlap substantially in each action. [*5] Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

Various plaintiffs' principal objection to Section 1407 transfer at this time is rooted in their contention that the Panel's decision should be stayed pending resolution of motions to remand to state court that are pending in their actions. We note, however, that jurisdictional and remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy, 901 F.2d 7 (2nd Cir. 1990); In re Air Crash Disaster at*

2000 U.S. Dist. LEXIS 5559, *; 2000-1 Trade Cas. (CCH) P72,897

*Florida Everglades on December 29, 1972, 368 F. Supp. 812, 813 (J.P.M.L. 1973).*

Other parties that either oppose inclusion of their respective action in Section 1407 proceedings or seek creation of two separate multidistrict dockets have argued, *inter alia*, that such an approach is necessary because 1) their action involves additional unique issues, parties or legal theories; and/or 2) centralization of all actions would be unduly burdensome. [*6] We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of additional or differing legal theories significant when the underlying actions still arise from a common factual core. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976);* and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Finally, to any parties who believe that the uniqueness of their particular situation or the type of their claims renders continued inclusion of their action in MDL-1332 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures [*7] are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the range of locations of parties and witnesses in this docket and the geographic dispersal of constituent actions, it is clear that no single district emerges as a nexus. Thus we have searched for a transferee judge with the ability and temperament to steer this complex litigation on a steady and expeditious course, a quest that has encompassed virtually the entire corps of federal judges. By centralizing this litigation in the District of Maryland before Chief Judge Motz, a judge with considerable experience as a transferee judge for multidistrict litigation, we are confident that we are entrusting this important and challenging assignment to an able jurist who has the added advantage of sitting in an accessible, metropolitan district equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to *28 U.S.C. § 1407*, the actions on the attached Schedule A be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, [*8] assigned to the Honorable J. Frederick Motz for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle

Chairman

ATTACHMENT

**SCHEDULE A**

MDL-1332 -- In re Microsoft Corp. Windows Operating Systems Antitrust Litigation

Northern District of Alabama

*Blaine Cox, et al. v. Microsoft Corp.*, C.A. No. 1:99-3009

District of Arizona

*Wayne Mims v. Microsoft Corp.*, C.A. No. 2:99-2245

Southern District of California

*Clay Tyler, et al. v. Microsoft Corp.*, C.A. No. 3:99-2602

District of District of Columbia

*Gravity, Inc., et al. v. Microsoft Corp., et al.*, C.A. No. 1:99-363
*eLeaders, Inc. v. Microsoft Corp.*, C.A. No. 1:99-3090
*Franklin L. DeJulius v. Microsoft Corp.*, C.A. No. 1:99-3148
*Paul A. Deiter v. Microsoft Corp.*, C.A. No. 1:99-3275

Southern District of Florida

*Eric S. Lazarus v. Microsoft Corp.*, C.A. No. 0:99-7527
*To The Rescue Comprehensive Computer v. Microsoft Corp.*, C.A. No. 1:99-3301
*Elvarado Baptiste, et al. v. Microsoft Corp.*, C.A. No. 9:99-9076

Southern District of Illinois

*Precision Billing Services, Inc., et al. v. Microsoft Corp.*, [*9] C.A. No. 3:99-896

District of Kansas

*Elizabeth A. Wilson v. Microsoft Corp.*, C.A. No. 5:99-4192

Case 1:04-cv-12494-DPW   Document 5-4   Filed 12/21/2004   Page 4 of 4

Page 4
2000 U.S. Dist. LEXIS 5559, *; 2000-1 Trade Cas. (CCH) P72,897

Eastern District of Louisiana

*Jay S. Quigley, et al. v. Microsoft Corp.*, C.A. No. 2:99-3420

Eastern District of Michigan

*D's Pet Supplies, Inc. v. Microsoft Corp.*, C.A. No. 2:99-76056
*David Bach v. Microsoft Corp.*, C.A. No. 2:99-76086

District of Minnesota

*Rubbright Group v. Microsoft Corp.*, C.A. No. 0:99-2017
*Steven Neilsen v. Microsoft Corp.*, C.A. No. 0:99-2037

Southern District of New York

*Raymond Pryor v. Microsoft Corp.*, C.A. No. 1:99-12161
*Seastrom Associates, Ltd. v. Microsoft Corp.*, C.A. No. 1:99-12162

Southern District of Ohio

*Linda Dameron Kloth, et al. v. Microsoft Corp.*, C.A. No. 1:99-1043

*Linda Dameron Kloth, et al. v. Microsoft Corp.*, C.A. No. 2:99-1276

District of South Carolina

*Chris Campbell v. Microsoft Corp.*, C.A. No. 2:99-4165

Eastern District of Tennessee

*Denise Davenport v. Microsoft Corp.*, C.A. No. 3:99-660

District of Vermont

*Sara Cheeseman, et al. v. Microsoft Corp.*, C.A. No. 2:99-396

Southern District of West Virginia [*10]

*Harold A. Phillips v. Microsoft Corp.*, C.A. No. 2:99-1080

Eastern District of Wisconsin

*Matthew W. O'Neill v. Microsoft Corp.*, C.A. No. 2:99-1477
*Robert Weinke v. Microsoft Corp.*, C.A. No. 2:99-1505